848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby Mae SIPES, Plaintiff-Appellant,
v.
NORTHWEST TENNESSEE MENTAL HEALTH CENTER and Kim Spivey,
Defendants-Appellees.
 No. 87-6047.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON, Circuit Judge, and DAVID S. PORTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Ruby Mae Sipes, appeals the judgment of the United States District Court for the Western District of Tennessee in this sex discrimination case under Title VII in favor of Northwest Tennessee Mental Health Center of Martin (Northwest), and her immediate supervisor, Kim Spivey, the director of day treatment at Northwest.
 
 
 2
 Plaintiff was employed as a van driver for Northwest from October 8, 1979 until her discharge on May 13, 1982. Her primary duties were to transport day-care patients to and from Northwest's facilities and, on occasion, running assigned errands. Plaintiff's termination slip stated that she had been terminated for leaving clients unattended.
 
 
 3
 Plaintiff filed her complaint on November 14, 1983 alleging sex discrimination in her termination from employment with Northwest in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq. A bench trial was held and the issues of liability and damages were bifurcated. The district judge held that the plaintiff had presented a prima facie case of sex discrimination, that the defendants had articulated a legitimate non-discriminatory reason for plaintiff's discharge in that plaintiff had been discharged for leaving patients unattended while she made personal visits, and that plaintiff had failed to demonstrate that the defendants' reason for discharging her had been a pretext.
 
 
 4
 Appellant argues that the district court's finding of fact that she left clients unattended outside the van for extended periods of time was clearly erroneous. Second, she argues that defendants failed to rebut her prima facie case by explaining why she was treated differently than a similarly situated male. Third, plaintiff claims that she was not given a full and fair opportunity to show pretext. Appellees counter by arguing that the male driver was not similarly situated, that the district court's findings regarding the reason given for terminating plaintiff was not clearly erroneous, and that plaintiff had both notice and opportunity to argue before the judge that the reason given for plaintiff's discharge was pretextual.
 
 
 5
 While counsel for appellant Sipes has made a vigorous presentation on her behalf, it is quite evident that the issues in this sex discrimination case which was tried on the merits in a bench case before the Honorable James D. Todd are altogether factual and that there is substantial evidence supporting the findings of facts made by Judge Todd in his opinion entered on July 28, 1987 and amended by the order entered on August 27, 1987. Those findings are not clearly erroneous and fully support Judge Todd's conclusion that plaintiff was not discriminated against on account of her sex.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation